UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80210-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JUAN ANDERSON ALBERTO,

      Defendant.

_____/



FILED by _____ D.C.

DEC 2 3 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 591) from United States District Judge Daniel T. K. Hurley. Pending before the Court is the Defendant's second *pro se* Motion for Return of Seized Property (DE 590), filed December 3, 2009. Because the Government has previously addressed the issues raised by the Defendant's motion, no response is necessary.

By way of background, on April 11, 2006, the Defendant entered a written plea agreement in which he pled guilty to conspiracy to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (DE 319). The Court accepted the Defendant's guilty plea (DE 316) and sentenced the Defendant to 120 months imprisonment followed by 5 years of supervised release (DE 401). On June 2, 2008, the Defendant filed his first *pro se* motion requesting the return of $2,700.00 and "a manwatch in 'pink gold'" (DE 559). The Court denied this motion on November 12, 2008 (DE 569).

In the instant motion, the Defendant seeks the return of $2,773.00, "a men's watch in pink gold[,]" and "personal documents." The Court has already ruled that the Defendant is not entitled

to return of the first two items because (1) the Defendant expressly consented to, and the Court ordered as part of his conviction, the forfeiture of the $2,773.00 seized incident to his arrest; and (2) the Government credibly demonstrated that it did not possess the Defendant's pink-gold watch (DE 568, 569). The Court need not revisit its prior ruling regarding these two items.

The only matter newly raised by the Defendant is his request for the return of "personal documents." The Defendant offers no further elaboration on this vague document request. The Government, however, has previously indicated that it never possessed any of the Defendant's property other than the $2,773.00 that the Defendant forfeited. Specifically, in response to the Defendant's first *pro se* motion for return of property, the Government stated that it consulted with Deputy U.S. Marshal Ramdeo Ganesh who advised that a "review of the arrest report generated after the defendant was taken into federal custody does not indicate that any property of the defendant was seized, other than the $2773.00 in U.S. currency" (DE 565). Moreover, FDC Miami's property custodian "confirmed that FDC Miami is not in possession of any personal property belonging to defendant Juan Alberto" (Id.). As there is no evidence to suggest that the Government possesses any personal documents pertaining to the Defendant, there is no basis for ordering return of the same.

Based upon the foregoing, this Court RECOMMENDS that the Defendant's Motion for Return of Seized Property (DE 590) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within fourteen (14) days after being served with a copy. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this ___ day of December, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Daniel T. K. Hurley
AUSA Kimberly Abel
Juan Anderson Alberto, *pro se*